# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAPHNE McKINNEY,<br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF TRANSPORTATION FOR THE STATE OF CONNECTICUT, LISA TILUM, MICHAEL SANDERS, DENNIS JOLLY and KATHLEEN KARWICK, in their individual capacities,<br>    Defendants. | 3:06-cv-2055 (WWE) |

## **RULING ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Plaintiff Daphne McKinney moves for leave to amend her amended complaint to add Vicki Arpin as a defendant. For the foregoing reasons, plaintiff's motion will be granted.

## BACKGROUND

The parties have submitted briefs and supporting exhibits which reflect the following factual background relevant to this ruling.

In the course of conducting discovery, specifically at Arpin's deposition on May 27, 2008, plaintiff alleges that she discovered the true scope of Arpin's involvement in plaintiff's termination which serves as the basis for this action. Six days after the deposition, plaintiff filed the instant motion. In opposition, defendants maintain that Arpin's involvement was known to plaintiff through plaintiff's termination letter dated October 24, 2006 and at the depositions of Kathleen Karwick on October 10, 2007 and Dennis Jolly on March 19, 2008. In addition, defendants point out that (1) plaintiff has sought four extensions to the discovery deadline; (2) the parties' Rule 26(f) Report set

1

March 14, 2007 as the deadline for adding additional parties; (3) and plaintiff added Kathleen Karwick as an additional defendant on July 24, 2007.

**DISCUSSION**

Federal Rule of Civil Procedure 15(a) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a). As the Supreme Court has held, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). A district court may deny leave for "good reason" such as futility, bad faith, undue delay, or undue prejudice to the opposing party, but "outright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200-01 (2d Cir. 2007).

While the Court is aware of the delays in this case and the late hour of plaintiff's motion, considering that the deadline for the completion of discovery has just recently passed and that no dispositive motions have been filed, there is no good reason for denying plaintiff's motion. Cases in which courts have denied motions similar to plaintiff's generally feature a motion for leave that was filed after a dispositive motion or a delay longer than the one here. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184 (2d Cir. 2007). Therefore, the Court will grant plaintiff's motion.

To assuage defendants' concerns regarding the upcoming dispositive motion deadline, the Court will also extend the deadlines for the completion of discovery related to defendant Arpin and the filing of dispositive motions nunc pro tunc to June 2, 2008.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion for leave to amend her complaint (Doc. #59). Plaintiff is instructed to e-file the second amended complaint within five days of this order.

The deadline for the completion of discovery related to defendant Arpin shall be August 1, 2008, and dispositive motions shall be filed no later than September 15, 2008

Dated at Bridgeport, Connecticut, this 2d day of July, 2008.

                                                /s/
                                      Warren W. Eginton
                                      Senior United States District Judge