UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAPHNE McKINNEY, <br> Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | 3:06-cv-2055 (WWE) |
| DEPARTMENT OF TRANSPORTATION FOR THE STATE OF CONNECTICUT, LISA TILUM, MICHAEL SANDERS, DENNIS JOLLY, KATHLEEN KARWICK and VICKI ARPIN, in their individual capacities, <br> Defendants. | : <br> : <br> : <br> : <br> : <br> : | |

### RULING ON DEFENDANTS' MOTION FOR RECONSIDERATION

Defendants Department of Transportation for the State of Connecticut and Vicki Arpin move (Doc. #146) the Court to reconsider its ruling denying their motion for summary judgment in part (Doc. #141) issued on May 11, 2010. For the following reasons, the Court will grant defendants' motion and, upon reconsideration, adhere to its previous ruling denying summary judgment in part.

### BACKGROUND

The motion before the Court is the second motion for reconsideration of its order granting summary judgment. Specifically, on December 2, 2009, the Court granted defendants' motion for summary judgment in its entirety ("SJ Ruling") (Doc. #136). Upon reconsideration, the Court vacated its SJ Ruling in part and denied summary judgment in part ("Reconsideration Ruling"). The underlying facts and the identities of the parties are set forth in the Court's SJ Ruling and the Reconsideration Ruling. The Reconsideration Ruling denied summary judgment as to plaintiff's claims under Title VII and 42 U.S.C. § 1983.

1

## DISCUSSION

A motion for reconsideration may be based solely upon "matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." Local R. Civ. Proc. 7(c)(1). Such a motion should be granted only where the Court has overlooked facts or precedents which might have "materially influenced" the earlier decision. Park South Tenants Corp. v. 200 Cent. Park South Assocs. L.P., 754 F. Supp. 352, 354 (S.D.N.Y. 1991). The movant's burden is made weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989). On a second motion for reconsideration, the Court may reverse itself again to return to the original disposition. See, e.g., Fleming v. Air Sunshine Inc., 311 F.3d 282 (3d Cir. 2002).

The Court has reviewed the materials in this case, including the motion papers and the relevant exhibits, twice. Defendants argue that the termination of plaintiff McKinney is protected by their business judgment. They assert that plaintiff committed certain fireable offenses, and those offenses are the reason for her termination. The Court should not, defendants contend, defer to plaintiff's explanations for her actions if defendants did not have such explanations in mind at the time of plaintiff's termination.

The Court does not disagree with defendants that, as a general matter, they are entitled to terminate plaintiff for her actions. The Court recognizes that, based on the evidence before the Court, at the time of the termination, defendants believed that plaintiff had acted in such a manner as to reasonably warrant termination. This evidence, however, does not exist in a vacuum. A jury may conclude that plaintiff's conduct was wrong, but that her punishment was disproportionate to her conduct given

the other punishment received by her white, male coworkers.  Surely if defendants can meet the burden that they may have under the McDonnell Douglas framework at trial, the jury should find them not liable.

That being said, there are material issues of fact present in this case which have to be resolved at trial.   At this stage, construing all facts in favor of plaintiff as the non-moving party, it is premature to grant judgment on behalf of defendants.  Therefore, upon re-review, the Court will adhere to its denial of summary judgment.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion for reconsideration (Doc. #146).  Upon review, the Court adheres to the Reconsideration Ruling (Doc. #141).

Dated at Bridgeport, Connecticut, this 30th day of July, 2010.

/s/
Warren W. Eginton
Senior United States District Judge