```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                    :
DAPHNE MCKINNEY                     :
                                    :
v.                                  :  CIV. NO. 3:06CV2055 (WWE)
                                    :
STATE OF CONNECTICUT,               :
DEPARTMENT OF TRANSPORTATION,       :
AND LISA TILUM, MICHAEL             :
SANDERS AND DENNIS JOLLY AND        :
KATHLEEN KARWICH IN THEIR           :
INDIVIDUAL CAPACITIES               :
```

RULING ON PLAINTIFF'S MOTION TO COMPEL [DOC. # 160]

Pending before the Court is Plaintiff's Motion to Compel. [Doc. # 160]. After careful consideration, Plaintiff's Motion to Compel is **DENIED**.

On the eve of trial,[1] Plaintiff seeks an order compelling Defendants to produce two specific items. The first document sought is an investigative report authored by David Crow and David Maher in 2006, titled "Independent Review of Personnel Issues", prepared by the Connecticut Department of Transportation, Office of Management Services (hereinafter "Investigative Report"). [Doc. # 161-1]. The second item relates to an incident and discipline of Department of Transportation engineers David Steban and David Hoyt (hereinafter and collectively "2010 Incident Report"), that took place on June 10,

---

[1] Jury selection and trial are set to begin January 24, 2011.

1

2010 and August 26, 2010, respectively.

Plaintiff argues that the documents requested are responsive to Interrogatory 9 and 16 to Plaintiff's First Set of Interrogatories and Requests for Production, dated December 11, 2007, and should have been produced under Defendants's duty to supplement.  Defendants object, arguing that the documents sought were not among those Defendants agreed to produce when resolving the objections to Interrogatory 9. Further, Defendants argue that the documents are irrelevant and not likely to lead to admissible evidence.

Driving the parties' dispute is a disagreement about the scope of the claims to be tried. Judge Eginton's Ruling on Defendants's Motion for Summary Judgment [doc. # 136], and subsequent Ruling on Plaintiff's Motion for Reconsideration [doc. # 141], granted Defendants summary judgment on Plaintiff's hostile work environment claim, leaving only two claims to be tried to the jury, Plaintiff's Title VII termination claim against the Department of Transportation and Plaintiff's § 1983 claim against Vicki Arpin for wrongful termination on account of race. To be clear, the Court entered judgment in favor of the Defendants on all other claims including the Plaintiff's hostile work environment. As such, Plaintiff's proof at trial is limited to Count Four and Five of the Corrected Second Amended Complaint [doc. # 62].

2

Standard of Review

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).  Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery.  See Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

Discussion

Pursuant to Federal Rule of Civil Procedure 26(e)(1)(A),

A party who had made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response:

(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing

Fed. R. Civ. P. 26(e)(1)(A).

3

Thus, Defendants are under a continuing duty to supplement by providing documents that are responsive to the discovery propounded. The fact that discovery has closed has no bearing on Defendants's duty to supplement under Rule 26(e).

2010 Incident Report

Plaintiff argues that the 2010 Incident Report is responsive to Interrogatory 16 and must be produced under the duty to supplement.

Interrogatory 16 provides,

> Please identify the names and last known addresses and race of all those persons whom the defendant has accused of violating defendant's workplace violence policies and procedures as it has the plaintiff over the last three (3) years, and the identity, last known address and race of the person who made the decision to issue such disciplinary action.

[Doc. # 160-2].

Plaintiff claims that the 2010 Incident Report is relevant to her claim of a pattern and practice of discrimination. Defendants counter that Plaintiff's hostile work environment claim is no longer in the case and that, in any event, the Incident Report is irrelevant. Defendants further argue that the 2010 Incident Report relates to an incident occurring nearly three years after Plaintiff's termination and involving an

entirely different decisionmaker.[2] For purposes of the Motion to Compel, this Court need not entertain the parties' arguments regarding the admissibility of evidence at trial in support of an alleged pattern and practice of discrimination.

Plaintiff tortures the meaning and purpose of Rule 26(e) to obtain documents that are not within the original scope of her discovery request. Interrogatory 16 is temporally limited, requesting information regarding accusations of workplace violence policies and procedures "over the last (3) years". Plaintiff's Interrogatories are dated December 11, 2007 and were responded to in January 2008. Documents responsive to Interrogatory 16, are those from 2005, 2006, and 2007. Defendants's duty to supplement is limited to the Plaintiff's request, which does not reach information from 2010.[3]  See Moore's Federal Practice § 26.131[1] (3d ed. 2009)("There is no requirement that a party volunteer information not fairly encompassed by an earlier request.").  As such, Plaintiff's Motion to Compel the 2010 Incident Report is DENIED.

---

[2] Plaintiff was terminated November 7, 2006.

[3] By way of example, had Defendants recently become aware of a workplace violence discipline that took place in 2006, they would be under an obligation to produce this information, which was responsive to Interrogatory 16 at the time of Defendants's production and is therefore responsive today.

5

Investigative Report

    Plaintiff argues that the Investigative Report must be produced now because it is responsive to Interrogatory 9 and relevant to her claims at trial.

    Interrogatory 9 provides,

> Please state fully and in complete detail everything that any person told, reported or related to the defendant or any agent or employee of the defendant about the complaints of discrimination of the plaintiff and identify each such person by name, address and job title and the date of each such communication.

[Doc. # 160-2].

    Defendants argue that the excerpt of the Investigative Report related to the Plaintiff has been produced.  Defendants state in their surreply,

> the defendants' [sic] have cooperated in discovery producing the section of the Investigation Report relevant to plaintiff. Nowhere in any other section of the Report does Ms. McKinney's name even appear for the reason that the report centers on the claims of Celeste Martires not plaintiff.

[Doc. # 163, at 3-4].

    Interrogatory 9 is limited to "complaints of discrimination of the plaintiff".  Defendants represent that all portions related to Plaintiff's complaints and investigation have been provided to Plaintiff.  It follows that portions of the Investigative Report that are not related to Plaintiff's complaint of discrimination are beyond the scope of Interrogatory

6

9 and need not be produced.

As such, Plaintiff's Motion to Compel the Investigative Report is DENIED. The Defendants, shall forthwith provide Plaintiff with an Affidavit attesting that all portions of the Investigative Report referencing the Plaintiff have been provided.

Conclusion

Accordingly, Plaintiff's Motion to Compel [Doc. #160] is **DENIED.** Defendants shall provide Plaintiff an Affidavit attesting that all portions of the Investigative Report relating to the Plaintiff's complaint of discrimination have been produced.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 19 day of January 2011.

```
                         _____/s/_____
                         HOLLY B. FITZSIMMONS
                         UNITED STATES MAGISTRATE JUDGE
```